UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NATALIA JUSCINSKA,

        Plaintiff,                                    CASE NO.:

v.

INSOMNIA COOKIES NYU LLC,
*a Delaware limited liability company,*

        Defendant.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff, NATALIA JUSCINSKA (hereinafter "Plaintiff"), sues Defendant INSOMNIA COOKIES NYU LLC (hereinafter "Defendant"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of New York.

3. The remedies provided by New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4. At all times material hereto, Plaintiff, NATALIA JUSCINSKA, was and is over the age of 18 years, *sui juris*, and a resident of Manhattan, which is located within this District.

5. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff suffers from cerebral palsy, and as a consequence, must use a wheelchair or other motorized mobility device.

6. Defendant, INSOMNIA COOKIES NYU LLC, is a domestic limited liability company authorized to conduct and conducting business within the State of New York and is the operator of that certain restaurant known as INSOMNIA COOKIES located at 116 MacDougal Street, New York, NY 10012 (the "Subject Property").

7. The Subject Property is a place of public accommodation as that term is defined by the ADA; specifically, the Subject Property is a food service establishment open to the general public.

8. Prior to the commencement of this action, Plaintiff personally visited the Subject Property; however, Plaintiff was denied full access to, and full enjoyment of the facilities at the Subject Property, and/or any accommodations offered to the public therein in that Plaintiff was restricted and limited by her disabilities, and therefore suffered an injury in fact.  That, Plaintiff continues to desire to visit the Subject Property in the future but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers that remain at the Subject Property, all in violation of the ADA, the NYSHRL, and NYCHRL.

9. That all events giving rise to the instant action occurred in the City of New York, State of New York. Venue is proper in the Southern District of New York in that the Subject Property is located in the State of New York, County of New York.

## COUNT I
## VIOLATIONS OF THE ADA

10. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

11. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

12. Congress specifically found, *inter alia*, that:[1]

    a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

    qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

  e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

13. Congress explicitly set forth the purpose of the ADA; to wit:[2]

  (i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  (ii) Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

  (iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

14. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

15. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

16. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

17. Upon information and belief, the Subject Property has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

18. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

19. The Subject Property is legally required to be, but is not, in compliance with the ADA and ADAAG.

20. Such non-compliance includes but is not limited to the following:

    a. There are changes in level at the entrance to the Subject Property exceeding ½ (one-half) inch that are not ramped in violation of section 303.4 of the 2010 ADAAG standards.

    b. Due to the barrier present at the accessible entrance, the Subject Property lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards.

    c. The Subject Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant violates section 216.6 of the 2010 ADAAG Standards.

---

[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

    d. The Subject Property lacks any access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards.

    e. There is not at least one accessible entrance that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

    f. Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

    g. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34. Upon information and belief, such additional violations may include inaccessible counters, restrooms, seating, or other such issues as may be identified during litigation. As such, this is not intended as a complete list of ADA violations at the Subject Property.

21. Plaintiff was and is blocked by physical barriers to access at the Subject Property, dangerous conditions, and ADA violations, existing upon the Subject Property, including those specified above. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from safely accessing the Subject Property, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

22. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

23. Plaintiff intends to visit the Subject Property again in the future (upon Defendant's compliance with an Order of this Court requiring that Defendant remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or

accommodations offered at the Subject Property; however, in light of her disabilities, unless and until the Subject Property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

24. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

25. Moreover, Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the Subject Property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property, accessible to and usable by persons with disabilities, including Plaintiff by making appropriate alternations to policies and procedures.

26. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the Subject Property, including but not limited to those set forth herein.

27. This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and modifications to Defendant's policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities to the extent required by law.

28. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendant.[6]

## COUNT II
## VIOLATIONS OF THE NYSHRL

29. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

30. The NYSHRL provides:

    It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of . . . disability . . . .[7]

31. The Subject Property is a place of public accommodation as defined by the NYSHRL.

32. Plaintiff visited the Subject Property and encountered architectural barriers made illegal by the ADA and ADAAG, and by the NYSHRL.

33. By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of her disability, the accommodations, advantages, facilities or privileges thereof provided at the Subject Property. Failure by Defendant to act to identify and remove barriers can be construed as an act of "negligent per se."

---

[6] 42 U.S.C. §§ 12205, 12117
[7] NYS Exec. Law § 296 (2)(a).

34. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NYCHRL

35. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

36. The NYCHRL provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of . . . disability . . . .[8]

37. Defendant is in violation of the NYCHRL by denying the Plaintiff full and safe access to all the accommodations, benefits and services of the Subject Property.

## ATTORNEYS' FEES AND COSTS

38. Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and maintaining this lawsuit. Pursuant to the ADA and NYCHRL, Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendant.

39. Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

40. Plaintiff demands compensatory damages based on Defendant's violation of the NYSHRL and NYCHRL.

---

[8] NYC Admin Code § 8-107(4)(a)

**INJUNCTIVE RELIEF**

41. Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the ADA, the NYSHRL, and NYCHRL.

42. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Property so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, the NYSHRL, and NYCHRL, and closing the facilities until the requisite modifications are complete.

43. Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation, their policies, business practices, operations and procedures.

44. Injunctive relief is also necessary to make the Subject Property readily accessible and useable by Plaintiff in accordance with the ADA, the NYSHRL, and NYCHRL.

WHEREFORE, Plaintiff hereby demands judgment against the Defendant, and requests the following injunctive and declaratory relief:

   a) A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendant is in violation of the ADA, the NYSHRL, and NYCHRL;

   b) An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendant to undertake and complete corrective procedures to Subject Property;

c) An Order requiring Defendant to alter facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the NYSHRL, and NYCHRL;

d) An Order issuing a permanent injunction ordering Defendant to close the Subject Property and cease all business until Defendant remove all violations under the ADA, the NYSHRL, and NYCHRL, including but not limited to the violations set forth herein;

e) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

f) For such other and further relief that this Court deems just, necessary and proper.

DATED this **11th** day of **January,** 2022.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
633 S. Andrews Ave., Ste. 500
Ft. Lauderdale, FL 33301
PH:    (954) 745-0588

By:   /s/ Nolan Klein
        NOLAN KLEIN, ESQUIRE
        (NK4223)
        klein@nklegal.com
        amy@nklegal.com